. ADRIANNA SWEAT

*vs.*

PISCATAQUIS MUTUAL INSURANCE COMPANY.

Piscataquis.   Opinion February 12, 1887.

*Fire insurance.   Misrepresentation of title.*

An applicant for insurance against fire stated that the property was unincumbered, when in fact, there was a mortgage on it. *Held,* that the materiality of the misrepresentation was a question for the jury.

ON exceptions.

Assumpsit upon a policy of fire insurance for four hundred and fifty dollars.

*Crosby and Crosby,* for plaintiff.

The instruction was correct. *Strong* v. *Manufacturers' Ins. Co.* 10 Pick. 40; see also *Thayer* v. *Providence Ins. Co.* 70 Maine, 531.; *Brown* v. *E. & N. A. Ry. Co.* 58 Maine, 389.

*Henry Hudson and C. A. Everett,* for defendant.

Prior to Stat. 1861, c. 34, § 2, it had been repeatedly held that misrepresentation as to title was material and avoided the

policy. *Bellatty* v. *Thomaston M. F. Ins. Co.* 61 Maine, 416 ; *Day* v. *Charter Oak F. & M. Ins. Co.* 51 Maine, 99 ; *Merrill* v. *Farmers' and Mechanics' Mut. F. Ins. Co.* 48 Maine, 286 ; *Gould* v. *York County Mut. F. Ins. Co.* 47 Maine, 408 ; *Richardson* v. *Maine Ins. Co.* 46 Maine, 398.

Whether the representation is material is a question of fact for the jury. *Bellatty* v. *Thomaston M. F. Ins. Co. supra.*

The plaintiff is bound by the statements made in her application. *Barrett* v. *Union Mut. F. Ins. Co.* 7 Cush. 179 ; *Oakes* v. *Manufacturers' Ins. Co.* 135 Mass. 250.

WALTON, J. Whether an erroneous description or ·misrepresentation of title in an application for insurance is or is not material, is a question of fact for the jury and not a question of law for the court. In this case, the plaintiff, in her application for insurance, stated that the property was unincumbered, when in fact, there was a mortgage upon it. The presiding judge instructed the jury that this misrepresentation was not material. This was error. The materiality of the misrepresentation should have been submitted to the jury. R. S., c. 49, § 20 ; *Bellatty* v. *Ins. Co.* 61 Maine, 414.

*Exceptions sustained. New trial granted.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.